HANNAH H. ROOSE v. CARVER FERGUSON *et al.*, Appellants.

ASSUMPTION OF VENDOR'S DEBT BY PUCHASER: FACTS HELD TO PROVE IT.

*Appeal from Marshall District Court.*—HON. D. R. HINDMAN, Judge.

THURSDAY MAY 17, 1894.

ACTION against defendants for the amount due on a note which it is alleged defendants agreed to pay as a part of the purchase price of land. Trial to court, and decree for plaintiff. Defendants appeal.—*Affirmed.*

*O. Caswell* for appellants.

*Brown & Miller* for appellee.

KINNE, J.—I. Plaintiff claims that on May 26, 1887, she signed as security for the defendant Andrew Parsons a promissory note to the First

National Bank of Marshalltown for one hundred and fifty dollars; that said note drew ten per cent interest; that October 14, 1887, and while the note was still due and unpaid, the defendant Parsons sold to defendant Carver Ferguson certain land in Marshall county, Iowa, and that as a part of the consideration of said sale said Ferguson agreed to pay said note and interest, and that said agreement was made with Parsons, and the amount due upon said note was deducted from the purchase price of said land by Ferguson; that the land was by Parsons conveyed to Ferguson, who holds the same; and that he has failed to pay said note, and plaintiff has been compelled to and has paid the same; that Parsons is insolvent, and Ferguson refuses to pay her the amount of said note and interest. She prays for judgment, and for the enforcement of said agreement by the establishment of a vendor's lien upon the land. Ferguson admits the purchase of the land, and the assumption of certain indebtedness (not that in suit), and denies all other allegations of the petition. He also avers that he has paid all he agreed. The court found for plaintiff, and entered a decree making the amount a lien upon the land, and ordered a special execution to issue for its sale.

II. As we view it, there is but a single question of fact involved in this case: Did defendant Ferguson, as a part of the purchase price of the land, agree to pay the note upon which plaintiff was security for Parsons? It is not our custom, in such cases, to enter into a review of the evidence. We have read it carefully, and, while it is conflicting, it clearly preponderates in favor of plaintiff's claim. That he did so agree is further shown by his admissions, and by his offer to pay plaintiff fifty per cent of the amount of the claim in order to release his land from the attachment she had levied upon the land, to secure her claim before Ferguson had purchased it. True, he claims he made this offer to relieve the land from the lien, but the evidence without conflict shows that he knew of this claim before he made the purchase, and also knew that there had been an attachment levied upon the land. We think it fairly appears that he was to pay this debt as a part of the purchase price of the land. There seems to be no reason why he should escape from this liability. AFFIRMED.